# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA
NEWPORT NEWS
NORFOLK
RICHMOND

FERNANDO GALINDO
CLERK OF COURT

May 22, 2013

Clerk, United States District Court
Central District of California
Western Division
312 North Spring, Room G-8
Los Angeles, CA 90012



Re:   **Trans Case No.: 1:04cr362; Rec. Case No.: 2:13cr322-ABC**
      **United States vs. Peter Woo**

Dear Sir/Madam,

   Please find certified copies of the Transfer of Jurisdiction, Indictment, Judgment, and docket sheet in the above entitled matter, having been transferred to your district pursuant to 18 U.S.C. 3605.

Thank you.

Fernando Galindo, Clerk of Court

By: _Tenesha Cheatham_
Tenesha Cheatham, Deputy Clerk

cc: U.S. Probation Office

FILED
CLERK, U.S. DISTRICT COURT

MAY - 8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

FILED
MAY 1 5 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

PROB 22
(Rev 05/11)

**TRANSFER OF JURISDICTION**

DOCKET NUMBER *(Tran. Court)*
1:04CR00362-001

DOCKET NUMBER *(Rec. Court)*
2:13CR-00322-ABC

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Peter Woo | EASTERN DISTRICT OF VIRGINIA | Alexandria |
| Baldwin Park, CA 91706 | NAME OF SENTENCING JUDGE | |
| | The Honorable James C. Cacheris | |

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM 02/04/2013 | TO 02/03/2017 |
|---|---|---|

OFFENSE:

Conspiracy to Distribute Five Kilograms or More of Cocaine, Including Forfeiture, in violation of Title 21, U.S.C., Section 846.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>EASTERN DISTRICT OF VIRGINIA</u>

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the CENTRAL DISTRICT OF CALIFORNIA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

4/19/13
*Date*

/s/
James C. Cacheris
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>CENTRAL DISTRICT OF CALIFORNIA</u>

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

5/7/13
*Effective Date*

United States District Judge

A True Copy, Teste:
Clerk, U.S. District Court
By _____
Deputy Clerk

CLOSED

# U.S. District Court
## Eastern District of Virginia − (Alexandria)
## CRIMINAL DOCKET FOR CASE #: 1:04-cr-00362-JCC-1
### *Internal Use Only*

Case title: USA v. Woo

Date Filed: 09/09/2004
Date Terminated: 03/25/2005

Assigned to: District Judge James
C. Cacheris

## Defendant (1)

**Peter Woo**
*TERMINATED: 03/25/2005*

represented by **Charles Sheperd Cox , Jr.**
616 N Washington St
Alexandria, Va 22314
(703) 836-2800
Email: cscoxjr@cox.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Michael William Lieberman**
Office of the Federal Public Defender
1650 King St
Suite 500
Alexandria, VA 22314
(703) 600-0800
*TERMINATED: 10/14/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender*

## Pending Counts

[21:846=ND.F] 21:846 Conspiracy
to Distribute five kilograms or more
of Cocaine (Sch. II) (3.01.02)
FORFEITURE
(1)

## Highest Offense Level (Opening)

Felony

## Terminated Counts

None

## Highest Offense Level (Terminated)

None

## Complaints

None

## Disposition

BOP for 135 months w/credit for time served; 4
years supervised release w/special conditions; $100
special assessment. SENTENCE REDUCED to 115
months per Order of 12/15/06.

## Disposition

A True Copy, Teste:
Clerk, U.S. District Court

By _____
Deputy Clerk

## Disposition

## Plaintiff

USA          represented by   **Kimberly Riley Pedersen**
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
(703)299-3700
Email: kimberly.riley.pedersen@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/09/2004 | 1 | INDICTMENT as to Peter Woo (1) count(s) 1 (ctat) (Entered: 09/10/2004) |
| 09/09/2004 | | (Court only) **Added Government Attorney Kimberly Riley Pedersen (ctat) (Entered: 09/10/2004) |
| 09/09/2004 | | Arrest WARRANT issued as to Peter Woo (ctat) (Entered: 09/10/2004) |
| 10/12/2004 | 2 | Rule 40 Documents as to Peter Woo received from Central District of California (jcup) (Entered: 10/13/2004) |
| 10/12/2004 | | ARREST of Peter Woo on 9.30.04 in Central District of California (jcup) (Entered: 10/13/2004) |
| 10/12/2004 | 3 | Certified Copy of CJA 23 FINANCIAL AFFIDAVIT by Peter Woo (jcup) (Entered: 10/13/2004) |
| 10/13/2004 | | ARREST of Peter Woo (jsch) (Entered: 10/13/2004) |
| 10/13/2004 | | Initial appearance as to Peter Woo before Mag Judge Barry R. Poretz held ( FTR) USA appeared through: Kim Petersen Dft(s) appeared through: w/o Counsel (Defendant informed of rights.) Interpreter sworn. Deft. requested court appt. atty. – Granted. Gov't requested Detention – Granted. Case cont. to 10/15/04 @ 2:00 p.m. for a DH. Deft. remanded. (jsch) (Entered: 10/13/2004) |
| 10/13/2004 | | Cantonese Interpreter Requested for Peter Woo (jsch) (Entered: 10/13/2004) |
| 10/13/2004 | 4 | ARREST WARRANT Returned Executed as to Peter Woo on 9/30/04 (jsch) (Entered: 10/13/2004) |
| 10/13/2004 | 5 | CJA 23 FINANCIAL AFFIDAVIT by Peter Woo (jsch) (Entered: 10/13/2004) |
| 10/13/2004 | 6 | ORDER OF TEMPORARY DETENTION as to Peter Woo ( Signed by Mag Judge Barry R. Poretz ) Copies Mailed: y (jsch) (Entered: 10/13/2004) |
| 10/13/2004 | | Detention hearing as to Peter Woo before Mag Judge Barry R. Poretz set for 2:00 10/15/04 for Peter Woo (jsch) (Entered: 10/13/2004) |
| 10/13/2004 | | ORAL ORDER as to Peter Woo , to appoint federal public defender Michael William Lieberman ( Entered by Mag Judge Barry R. Poretz ) (jsch) (Entered: 10/13/2004) |
| 10/14/2004 | | (Court only) Federal Public Defender Office is conflicted out of this case. Clerk's Office will appoint CJA Attorney. for Peter Woo (jcup) (Entered: 10/14/2004) |
| 10/14/2004 | | (Court only) **Terminated attorney Michael William Lieberman for Peter Woo (jcup) (Entered: 10/14/2004) |
| 10/14/2004 | 7 | CJA 20 as to Peter Woo Appointment of Attorney Charles Sheperd Cox Jr. (jcup) (Entered: 10/14/2004) |
| 10/15/2004 | | Detention hearing as to Peter Woo before Mag Judge Barry R. Poretz held ( FTR) USA appeared through: Kim Petersen Dft(s) appeared through: Cox. Interpreter sworn. This matter came on for a DH. Gov't requested Detention – Granted. Deft. remanded. (jsch) (Entered: 10/15/2004) |
| 10/15/2004 | 8 | ORDER OF DETENTION as to Peter Woo ( Signed by Mag Judge Barry R. Poretz ) Copies Mailed: y (jsch) (Entered: 10/20/2004) |

| 10/18/2004 | | Arraignment before Judge James C. Cacheris set for 10:00 a.m. on 10/26/04 for Peter Woo (ctat) (Entered: 10/18/2004) |
|---|---|---|
| 10/26/2004 | | Arraignment as to Peter Woo before Judge James C. Cacheris held. Deft waived formal arraignment and entered a plea of not guilty and demanded a jury trial. Motion Hearing set for 9:00 12/3/04 for Peter Woo. Jury Trial set for 10:00 12/20/04 for Peter Woo; (r: D. McCoy) USA appeared through: Kimberly Pedersen. Dft appeared with: Charles Cox. Interpreter: Soo Knowles. All exhibits to be filed w/clerk 5 days prior to trial Deft remanded. (dper) (Entered: 10/26/2004) |
| 10/26/2004 | 9 | ORDER as to Peter Woo for discovery and inspection. (Signed by Judge James C. Cacheris) Copies Mailed: yes (dper) (Entered: 10/26/2004) |
| 11/01/2004 | 10 | MOTION by Peter Woo by Peter Woo for Reconsideration of [8-1] order (jcup) (Entered: 11/01/2004) |
| 11/05/2004 | 11 | RESPONSE by USA as to Peter Woo re [10-1] motion by Peter Woo for Reconsideration of [8-1] order (jcup) (Entered: 11/08/2004) |
| 11/08/2004 | 12 | ORDER denying [10-1] motion by Peter Woo for Reconsideration of [8-1] order as to Peter Woo (1) ( Signed by Mag Judge Barry R. Poretz ) Copies Mailed: yes (jcup) (Entered: 11/08/2004) |
| 11/30/2004 | | Plea Agreement Hearing as to Peter Woo set for 9:30 12/6/04 before Judge James C. Cacheris (dper) (Entered: 11/30/2004) |
| 12/01/2004 | | (Court only) **Terminated deadlines no motions filed for 12/03/04 (clar) (Entered: 12/01/2004) |
| 12/06/2004 | | Change of Plea Hearing as to Peter Woo held (r: D. McCoy) USA appeared through: Kimberly Pedersen. Dft appeared with: Charles Cox before Judge James C. Cacheris. Interpreter: James Chow. Deft w/drew his not guilty plea and entered a plea of guilty to Ct. 1 of the Indictment. Court accepts plea. Deft waived his right to challenge the validity of the guidelines. Referred to PO for PSI and cont'd to 02-25-05 @ 9:00 a.m. Deft remanded. (dper) (Entered: 12/08/2004) |
| 12/06/2004 | 13 | Plea Agreement as to Peter Woo (dper) (Entered: 12/08/2004) |
| 12/06/2004 | | PLEA entered by Peter Woo. Court accepts plea by Peter Woo Guilty: count 1. (dper) (Entered: 12/08/2004) |
| 12/06/2004 | 14 | STATEMENT OF FACTS as to Peter Woo (dper) (Entered: 12/08/2004) |
| 12/06/2004 | | Sentencing before Judge James C. Cacheris set for 9:00 2/25/05 count 1. (dper) (Entered: 12/08/2004) |
| 12/06/2004 | 15 | Stipulation and Order for Exoneration of Bond and Reconveyance of Deed of Trest endorsed by Peter Woo and USA. (dper) (Entered: 12/08/2004) |
| 12/06/2004 | 16 | ORDER that the Clerk of the Court shall reconvey the deed of trust recorded on or about 10/28/04 in the USDC for the Central District of California (Los Angeles) encumbering the following property: 3535 Frazier Street, Baldwin Park, CA 91706, said property owned by Hong Le Dang-Woo as to Peter Woo (Signed by Judge James C. Cacheris) Copies Mailed: yes (dper) (Entered: 12/08/2004) |
| 01/26/2005 | 17 | JOINT MOTION by USA as to Peter Woo for Continuance of Setnencing Date from 2/25/05 (jcup) Modified on 01/27/2005 (Entered: 01/26/2005) |
| 01/27/2005 | 18 | ORDER granting [17-1] motion for Continuance of Setnencing Date from 2/25/05 as to Peter Woo (1), reset Sentencing for 9:00 3/25/05 for Peter Woo before Judge James C. Cacheris ( Signed by Judge James C. ) Copies Mailed: yes (jcup) (Entered: 01/27/2005) |
| 02/04/2005 | 19 | POSITION with Regard to Sentencing by USA as to Peter Woo (jcup) (Entered: 02/07/2005) |
| 03/10/2005 | 20 | SENTENCING MEMORANDUM by Peter Woo (karn) (Entered: 03/10/2005) |
| 03/17/2005 | 21 | POSITION with Regard to Sentencing by USA as to Peter Woo (jcup) (Entered: 03/17/2005) |

| 03/25/2005 | | Sentencing before Judge James C. Cacheris held (r: D. McCoy) USA appeared through: Kimberly Pedersen. Dft appeared with: Charles Cox as to Peter Woo (1) count 1. Interpreter: James Chow. Court adopts PSI. Deft's motion for downward departure – argued and denied. JUDGMENT: BOP for 135 months w/credit for time served; 4 yrs. supv. release w/special conditions: 1) substance abuse testing and treatment as dir by PO; $100 special assessment. The court recommends that the deft be designated to a facility in California to be near his family and that the deft participate in the 500 Hours Intensive Drug Treatment Program. Deft remanded. (dper) (Entered: 03/28/2005) |
|---|---|---|
| 03/25/2005 | 22 | JUDGMENT Peter Woo (1) count 1: BOP for 135 months w/credit for time served; 4 years supervised release w/special conditions; $100 special assessment. (Signed by Judge James C. Cacheris) Copies Mailed: yes (dper) (Entered: 03/28/2005) |
| 03/25/2005 | 23 | CONSENT ORDER of Forfeiture as to Peter Woo (Signed by Judge James C. Cacheris) Copies Mailed: yes (dper) (Entered: 03/28/2005) |
| 03/25/2005 | | (Court only) **Case closed as to defendant: Peter Woo (dper) (Entered: 03/28/2005) |
| 03/25/2005 | | (Court only) ***Terminated defendant Peter Woo, pending deadlines, and motions. (dcap, ) (Entered: 12/05/2006) |
| 12/05/2006 | 24 | MOTION for Reduction of Sentence by USA as to Peter Woo. (agil) (Entered: 12/05/2006) |
| 12/05/2006 | 25 | Memorandum in Support of 24 MOTION to Reduce Sentence by USA as to Peter Woo (agil) (Entered: 12/05/2006) |
| 12/05/2006 | 26 | NOTICE OF HEARING ON MOTION in case as to Peter Woo 24 MOTION to Reduce Sentence : Motion Hearing set for 12/15/2006 09:00 AM before District Judge James C. Cacheris. (agil) (Entered: 12/05/2006) |
| 12/15/2006 | | Minute Entry for proceedings held before Judge James C. Cacheris :Motion Hearing as to Peter Woo held on 12/15/2006 re 24 MOTION to Reduce Sentence filed by USA. USA appeared through: Kimberly Pedersen. Deft not present and appeared through: Charles Cox. Govt's Rule 35 motion granted. Deft's sentence reduced to 115 months w/credit for time served; 4 yrs. supervised release w/special condition of substance abuse testing and treatment as dir by PO. The court recommends that the deft participate in the 500 Hours Drug Treatment Program. $100 special assessment. All other provisions of the JCent. on 3/25/05 shall remain in full force and effect. (Court Reporter R. Montgomery.) (dper) (Entered: 12/19/2006) |
| 12/15/2006 | 28 | ORDER granting 24 Motion to Reduce Sentence as to Peter Woo (1). Deft's sentence reduced to 115 months. Signed by Judge James C. Cacheris on 12/15/06. (dper) (Entered: 12/19/2006) |
| 12/18/2006 | 27 | CJA 20 as to Peter Woo: Appointment of Attorney Charles Sheperd Cox, Jr for Rule 35. (rban, ) (Entered: 12/19/2006) |
| 05/15/2013 | | **FROM THIS DATE FORWARD ALL FILINGS ARE TO BE MADE ELECTRONICALLY. (tche, ) (Entered: 05/15/2013)** |

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

        V.

PETER WOO

)
) CRIMINAL NO. 1:04CR362
)
) Count 1
) Conspiracy to
) Distribute Five Kilograms
) or More of Cocaine
) 21 U.S.C. §§ 841 & 846
)
) FORFEITURE
) Forfeiture of Drug
) Related Assets
) 21 U.S.C. § 853

A True Copy, Teste:
Clerk, U.S. District Court
By _____
                Deputy Clerk

INDICTMENT

SEPTEMBER 2004 TERM - At Alexandria

Count 1

THE GRAND JURY CHARGES THAT:

From in or about 1999, and continuing thereafter through on or about March 1, 2002, in

Loudoun County, Virginia, within the Eastern District of Virginia and elsewhere, the defendant,

PETER WOO, did unlawfully, knowingly, and intentionally combine, conspire, confederate and

agree with Pong Yau Low (a/k/a Andy Low), Kim Choi Loh (a/k/a Mike Loh), Lap Bon On

(a/k/a Roger On), Lap Quyen On (a/k/a Don On), Rubin Giho Kay, Edward Sungha Kay (a/k/a

Eddie Kay), and with other persons known and unknown to the grand jury, to unlawfully,

knowingly and intentionally distribute five kilograms or more of a mixture and substance

containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of

Title 21, United States Code, Section 841(a)(1).

## WAYS, MANNER AND MEANS TO ACCOMPLISH THE CONSPIRACY

The primary purpose of the conspiracy was to make money through the distribution of cocaine. The ways, manner and means by which this purpose was carried out included the following:

1. It was part of the conspiracy that the defendant and the conspirators played different roles and took upon themselves various tasks and participated in the affairs of the conspiracy through various criminal acts.

2. It was a further part of the conspiracy that the defendant and unindicted co-conspirators supplied Pong Yau Low (a/k/a Andy Low) with hundreds of kilograms of powder cocaine for further distribution in the Eastern District of Virginia and elsewhere.

3. It was a further part of the conspiracy that the defendant and the conspirators derived money and income from the distribution of cocaine.

4. It was a further part of the conspiracy that the defendant and the conspirators used telephone communications to facilitate their drug trafficking activities.

5. It was a further part of the conspiracy that the defendant and the conspirators used various methods to conceal the conspiracy and their unlawful drug distribution activities in order to ensure the continuing existence and success of the conspiracy.

6. It was a further part of the conspiracy that from in or about August, 1999, through just before September, 2001, Pong Yau Low traveled from the Los Angeles area of California to the Washington, D.C., metropolitan area on commercial airline flights through Dulles International Airport, in Loudoun County, Virginia, within the Eastern District of Virginia, in possession of

2

one (1) to three (3) kilograms of powder cocaine every seven (7) to ten (10) days with the intent to distribute it to Mike Loh and others.

7. It was a further part of the conspiracy that the defendant assisted Pong Yau Low in the concealment of cocaine on his body in order to avoid detection by law enforcement at the airport. The defendant received approximately $1,000 for every kilogram of cocaine that he helped Pong Yau Low to conceal and transport through the airport.

8. In or about March or April 2001, one of Pong Yau Low's suppliers directed the defendant to pick up approximately 23 kilograms of cocaine from San Jose, California, on two separate occasions.

9. In or about 2001, off of Gallows Road in Fairfax County, Virginia, within the Eastern District of Virginia, Lap Bon On (a/k/a Roger On) and Rubin Kay distributed one kilogram of cocaine to an unindicted co-conspirator.

10. In or about March, 2000, in Annandale, Virginia, within the Eastern District of Virginia, Rubin Kay distributed about two to three kilograms of cocaine to Michael Grant for about $23,000 per kilogram.

11. From in or about 1999 through in or about August, 2001, in the Landmark area of Fairfax County, Virginia, and Crystal City, Virginia, both of which are within the Eastern District of Virginia, Eddie Kay distributed approximately one-half kilogram of cocaine per week to Rubin Kay and another individual.

12. From in or about mid-January, 2002, through in or about March, 2002, Lap Quyen

On (a/k/a Don On) and James Michael Nguyen (a/k/a Ty) traveled to New York, New York to

pick up cocaine from and deliver money to Roger On.

(All in violation of Title 21, United States Code, Section 846.)

4

## FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

PETER WOO, the defendant herein, if convicted of any of the violations charged in this Indictment, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of each such violation, including, but not limited to the following property: $5,000,000; and any of the property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of each such violation.

(Pursuant to Title 21, United States Code, Section 853.)

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

_____  9/8/2004
PAUL J. MCNULTY
UNITED STATES ATTORNEY

_____
Kimberly Riley Pedersen
Assistant U. S. Attorney

5

FORM OBD-34
APR 91

No.

# UNITED STATES DISTRICT COURT

*Eastern District of Virginia*

*Alexandria Division*

THE UNITED STATES OF AMERICA

*vs.*

**PETER WOO**

# INDICTMENT

Count 1: 21 USC 841 & 846
Violation: Conspiracy to Distribute Five Kilograms or More of Cocaine

*A true bill.*

Matthew M. Holm Matthew M Holm

*Foreperson*

*Filed in open court this* _____ *day, of* September   A.D.
20 .

_____
*Clerk*

*Bail, $* _____

AO 245 S (Rev. 2/99)(EDVA rev.1) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

UNITED STATES OF AMERICA

v.                                                              Case Number 1:04CR00362-001

**PETER WOO,**

Defendant.

## JUDGMENT IN A CRIMINAL CASE

The defendant, PETER WOO, was represented by Charles Cox, Jr., Esquire.

The defendant pleaded guilty to count 1 of the Indictment.  Accordingly, the defendant is adjudged guilty of the following count(s), involving the indicated offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC § 846 | Conspiracy to Distribute Five (5) Kilograms or More of Cocaine, Including Forfeiture (Felony) | 03-01-02 | 1 |

As pronounced on March 25, 2005, the defendant is sentenced as provided in pages 2 through 5 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this _____ day of _____, _____

James C. Cacheris
United States District Judge

**A True Copy, Teste:**
**Clerk, U.S. District Court**

By _____
Deputy Clerk

22

Judgment--Page 2 of 5

Defendant: PETER WOO
Case Number:  1:04CR00362-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED THIRTY-FIVE (135) MONTHS, with credit for time served.

The Court makes the following recommendations to the Bureau of Prisons:

1)      that the defendant be designated to a facility in California to be near his family.
2)      that the defendant participate in the 500 Hours Intensive Drug Treatment Program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____

_____, with a certified copy of this Judgment.

c: P.O. (2) (3)
   Mshl. (4) (2)
   U.S.Atty.                              _____
   U.S.Coll.                                       United States Marshal
   Dft. Cnsl.                    By
   PTS                                   _____
   Financial                                       Deputy Marshal
   Registrar
   ob

Defendant: PETER WOO
Case Number: 1:04CR00362-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FOUR (4) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance.

While on supervised release, the defendant shall not possess a firearm or destructive device.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISED RELEASE

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below):
1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the Probation Officer within 72 hours, or earlier if so directed, of any change in residence.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 3/99)(EDVA rev.) Sheet     ont'd) - Supervised Release

Case 2:13-cr-00322-ABC   Document 3   Filed 05/24/13   Page 16 of 17   Page ID #:19

Judgment--Page 4 of 5

Defendant: PETER WOO
Case Number:  1:04CR00362-001

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional conditions:

1) The defendant shall participate in a program approved by the Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer.

AO 245 S (Rev. 3/99)(EDVA rev.) Sheet    Financial Penalties

Case 2:13-cr-00322-ABC   Document 3   Filed 05/24/13   Page 17 of 17   Page ID #:20

Judgment--Page 5 of 5

Defendant: PETER WOO
Case Number: 1:04CR00362-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total monetary penalties in accordance with the schedule of payments set out below.

| Count | Special Assessment | Fine |
|---|---|---|
| 1 | $100.00 | -0- |
| **Total** | **$100.00** | **-0-** |

## FINE

No fines have been imposed in this case.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The special assessment is due in full immediately. If not paid immediately, the court authorizes the deduction of appropriate sums from the defendant's account while in confinement in accordance with the applicable rules and regulations of the Bureau of Prisons.

Any special assessment, restitution, or fine payments may be subject to penalties for default and delinquency.

If this judgment imposes a period of imprisonment, payment of Criminal Monetary penalties shall be due during the period of imprisonment.

All criminal monetary penalty payments are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.